The Honorable Janice A. Judy State Representative 202 W. Maple Street Fayetteville, AR 72701-4132
Dear Representative Judy:
You have requested an Attorney General opinion concerning wholesale distributors of certain controlled substances. I am issuing this opinion in response your request.
Your question is:
 Can an entity licensed by the Arkansas State Board of Pharmacy under regulations promulgated pursuant to Act 1209 of 2001 as a wholesale distributor of List I chemicals purchase ephedrine, pseudoephedrine, or phenylpropanolamine from out-of-state suppliers and store bulk containers of these substances (non-safe harbor packaged) in its warehouse or other facility located in Arkansas for resale and delivery to an out-of-state buyer in a state whose laws permit these drugs to be sold in this bulk form?
RESPONSE
It is my opinion that Arkansas law does not prohibit entities that are duly licensed as wholesale distributors pursuant to Act 1209 of 2001 from purchasing ephedrine, pseudoephedrine, or phenylpropanolamine in bulk amounts from out-of-state suppliers, or from holding or storing bulk containers of these substances in their warehouses or other facilities located within the state of Arkansas for resale and delivery to an out-of-state buyer. (However, as discussed below, these entities must comply with all applicable federal law.)
Although Arkansas law prohibits purchases of bulk amounts of ephedrine, pseudoephedrine, or phenylpropanolamine, it specifically exempts licensed wholesale distributors from this prohibition. See A.C.A. § 5-64-1103(c).
Similarly, Arkansas law prohibits possession of bulk amounts of ephedrine, pseudoephedrine, or phenylpropanolamine, but specifically excepts licensed wholesale distributors from this prohibition. The exception language for wholesale distributors appears in A.C.A. §5-64-1101, as follows:
 (a) It shall be unlawful for any person to possess more than five (5) grams of ephedrine, or nine (9) grams of pseudoephedrine or phenylpropanolamine, or their salts, optical isomers and salts of optical isomers, alone or in a mixture, except:
* * *
 (4) Any manufacturer, wholesaler, or distributor licensed by the State Board of Pharmacy who sell, transfers, or otherwise furnishes ephedrine, pseudoephedrine or phenylpropanolamine, or their salts, optical isomers and salts of optical isomers, to a licensed pharmacy, physician, dentist, podiatrist, veterinarian, or any person who possesses a sales and use tax permit issued by the Arkansas Department of Finance and Administration.
A.C.A. § 5-64-1101(a)(4) (as amended by Act 1209 of 2001) (emphasis added).[1]
Finally, Arkansas law does place limitations on the sale of these substances, but those limitations apply only to retail distributors, and not to wholesale distributors. See A.C.A. § 5-64-1103 (governing retail sales limits).
It thus appears that Arkansas law does not prohibit the activities that you have described, when engaged in by duly licensed wholesale distributors.
Nevertheless, wholesale distributors of controlled substances must comply with all applicable federal law. Federal oversight of certain activities involving controlled substances is required under the federal Controlled Substances Act (21 U.S.C. § 801 et seq.) and the regulations promulgated thereunder. One requirement that is imposed in connection with this federal oversight is a requirement that certain entities engaging in certain activities involving controlled substances register with the U.S. Attorney General, in accordance with rules and regulations promulgated by the Attorney General. 21 U.S.C. § 821 et seq. The registration requirement applies generally to "every person who manufactures or distributes any controlled substance or List I chemical or who proposes to engage in the manufacture or distribution of any controlled substance or List I chemical[.]" 21 U.S.C. § 822. The applicable regulation is 21 C.F.R. § 1301.11, which states:
§ 1301.11 Persons required to register.
 (a) Every person who manufactures, distributes, dispenses, imports, or exports any controlled substance or who proposes to engage in the manufacture, distribution, dispensing, importation or exportation of any controlled substance shall obtain a registration unless exempted by law or pursuant to §§ 1301.22-1301.26. Only persons actually engaged in such activities are required to obtain a registration; related or affiliated persons who are not engaged in such activities are not required to be registered. (For example, a stockholder or parent corporation of a corporation manufacturing controlled substances is not required to obtain a registration.)
21 C.F.R. § 1301.11(a).
The U.S. Attorney General is authorized to waive the registration requirement "if he finds it consistent with the public health and safety." 21 U.S.C. § 822(d). Whether any particular entity is required to register under the above-quoted federal laws and regulations will be a question of fact that can only be determined on a case-by-case basis.
I therefore conclude that although Arkansas law does not prohibit wholesale distributors of ephedrine, pseudoephedrine, or phenylpropanolamine from purchasing these substances in bulk amounts, storing them in bulk amounts within the state of Arkansas, or selling them to out-of-state buyers, these entities must nevertheless comply with the applicable registration requirements of federal law in order to engage in these activities.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] Your question mentioned the storage of bulk amounts that are "non-safe harbor packaged." Although Act 1209 of 2001 does address the packaging and amounts sold by retailers, Arkansas law does not address the packaging of controlled substances that are possessed by wholesale distributors. However, all distributors of controlled substances must comply with federal labeling requirements. See 21 U.S.C. § 825.